# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

---

## No.

## CAPITAL CASE

---

## IN RE: LEN DAVIS

---

## PETITION FOR WRIT OF MANDAMUS
## TO THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF LOUISIANA,
## JUDGE HELEN G. BERRIGAN, PRESIDING
## CASE NO. 94-381

---



Len Davis, *Pro Se*
No. 24325-034
USP Terre Haute
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808

## RELIEF SOUGHT

Comes now petitioner Len Davis, who requests relief from this Court, from District Court's order that denied petitioner of his Sixth Amendment right to self-representation on his filing of '2255 motion.'

The petitioner wants his right to control all aspects of his 2255 proceedings in whichever manner he decides is best under the law.

Petitioner also wants to be protected under congressionally enacted law 28 U.S.C. 1654 which also infers petitioner right to self-representation.

## ISSUES PRESENTED

1 – The District Court erred in its ruling: that petitioner has no right to self-representation under the Sixth Amendment of the United States Constitution or Supreme Court's 'Faretta' decision; during "post-conviction collateral attacks."

2 – The District Court erred in its ruling: that petitioner "waived" his right to self-representation under congressionally enacted statute 28 U.S.C. 1654, which confers right to criminal defendants to self-representation.

## STATEMENT OF FACTS

On April 17, 2012, petitioner participated in a status conference with District Court, Government, and court appointed co-counsel over the telephone. At this

1

conference, petitioner was asked by court if he was willing to go forward with some of the claims in a '2255 motion' that court appointed co-counsel had filed in a timely manner but without prior approval of 'pro se' petitioner.

Petitioner in no uncertain words made it very clear that he would only proceed forward with 19 of the 29 claims that co-counsel had presented in '2255 motion.' All 19 claims were 'conviction attacking claims.' Petitioner refused to proceed forward with 10 'sentencing claims.' Petitioner made it 'crystal clear' that if this was not agreed to he would not proceed forward. Petitioner also advised District Court that co-counsel's claims challenging petitioner's competency would also have to be 'redacted.'

District Court would then order petitioner to take a fourth psychiatric evaluation on October 31, 2012. As with three prior evaluations petitioner would be found competent.

Nonetheless, after originally ruling on two prior occasions that petitioner could indeed proceed forward as his own counsel, District Court would do an 'about face' and ruled that petitioner had no right under the Sixth Amendment or Supreme Court's landmark decision in 'Faretta' to self-representation during post-conviction proceedings. Also, would rule that petitioner had "waived" right under 28 U.S.C. 1654 which is congressional statute giving defendant's right to self-

representation. This District Court's order was handed down on April 9, 2013 and is attached.

Both government and co-counsel would file motions asking District Court to reconsider its decision. (It should be noted that it was co-counsel that originally raised Sixth Amendment challenge to petitioner's right to be 'pro se' on post-conviction.)

On May 12, 2014, over one year later District Court would finally issue an 'order' denying any 'reconsideration' of its prior denial of petitioner's sixth amendment right denial. Nor would District Court 'reconsider' its ruling that petitioner had "waived" his statutory right to self-representation under 28 U.S.C. 1654. The order is attached. This would lead to this request for 'emergency writ.'

## REASONS THE WRIT SHOULD ISSUE

The reasons are as follows:

1 – The United States Constitution under the Sixth Amendment confers this right to self-representation on all competent criminal defendants.

2 – The United States Supreme Court made it clear in its decision in Faretta v. California 422 U.S. 806 (1975) that criminal defendants have a right to self-representation.

3 – This 'court' ruled in United States v. Davis No. 01-30656 July 17, 2001, that petitioner indeed had a right during a second penalty trial to self-representation. Thus issuing a 'mandate' to District Court, to allow petitioner to represent himself

4 – This court again in United States v. Davis 01-30656 March 11, 2002, ruled that petitioner also had a right not to allow "special co-counsel" appointed by court against wishes of petitioner, to present evidence in sentencing phase of Death Penalty trial, that petitioner did not want presented. Thus issuing a second mandate to District Court protecting petitioner's Sixth Amendment right

5 – This court in U.S. v. Davis 01-30656 March 11, 2002, ruled that petitioner was indeed protected by 28 U.S.C. 1654 'statutory right to self-representation' which makes that right fall under the "Law of the Case Doctrine." Thus cannot be waived as District Court has ruled in its 'order.'

And finally, as this court has made clear on two occasions, Sixth Amendment right denial warrants an 'emergency writ.' The court made clear in Batchelor v. Cain 682 F.3d 400, 405-414 (5th Cir. 2012) that denial of self-representation is indeed "a structural error."

It is for these reasons that this court should issue an 'emergency writ.'

Respectfully submitted,

Len Davis, *Pro Se*

## CERTIFICATE OF SERVICE

I certify that the foregoing Petition for Writ of Mandamus has been served on the following parties by placing the same in the United States mail, postage prepaid, on this the ____ day of June, 2014:

Michael E. McMahon
Assistant Untied States Attorney
650 Poydras Street, Suite 1600
New Orleans, LA 70130

Judge Helen G. Berrigan
District Court Judge for the Eastern District of Louisiana
U.S. Courthouse
500 Poydras Street
New Orleans, LA 70130

Len Davis

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 94-381** |
| **LEN DAVIS** | **SECTION "C"** |

## ORDER AND REASONS

This capital post-conviction matter comes before the Court on a motion by standby counsel to vacate the Court's grant of relief under *Faretta v. California*, 422 U.S. 806 (1975). Rec. Doc. 2266. The Court has considered the motion, the oppositions of the government and the defendant,[1] the record, and the law and has concluded that the motion should be granted to a limited extent. The motion is granted only as to those issues raised by standby counsel that were not specifically adopted by the defendant.

Accordingly, the Court's orders that the defendant be allowed to represent himself, contained in an order dated March 17, 2011, and a minute entry dated May 16, 2011, are vacated as to those issues not specifically adopted by the defendant. Rec. Docs. 2197, 2231. Nevertheless, the defendant shall continue to represent himself as to those issues adopted by him

---

[1] He is technically "the movant," as he has already been convicted and Section 2255 proceedings are by motion rather than by petition, but the Court refers to him as "the defendant" here in order to avoid confusion with standby counsel, who made the instant motion.

1

from standby counsel's pleadings. *See United States v. Gillis*, 773 F.2d 549 (4th Cir. 1985).

## I.     The Scope of the *Faretta* Right

The parties do not cite a case that resolves the issue whether a person moving for post-conviction relief under 28 U.S.C. § 2255 has an absolute right to represent himself. *Faretta* does not resolve the issue, because the Court's "holding was confined to the right to defend oneself at trial." *Martinez v. Court of Appeal of Cal.*, 528 U.S. 152, 154 (2000). Neither does *Martinez*, where the Court held that "the reasoning in support of [the *Faretta*] holding" does not "appl[y] when the defendant becomes an appellant and assumes the burden of persuading a reviewing court that the conviction should be reversed." *Id.* But at least one court has addressed the closely related situation of a Section 2254 petition, holding that "there is no federal or constitutional right to self-representation in a direct appeal from a criminal proceeding, and thus, by logical extension, there is also no right to self-representation during a collateral proceeding." *McCleaf v. Carroll*, 416 F. Supp. 2d 283, 294–95 (D. Del. 2006).

The analogy drawn in *McCleaf* between an appeal and a petition for post-conviction relief is sound, and seeing no distinction between Sections 2254 and 2255 for purposes of *Faretta*, the Court concludes that *Martinez* should largely control the outcome here.[2] Just as the

---

[2] The Supreme Court's *Faretta* jurisprudence suggests that it is the nature of the proceeding that matters. It involves a trial, usually before a jury, dealing with factual issues as much as law, and with a presumption of innocence to the defendant. Collateral review, on the other hand, concerns mostly matters of law, very limited review of facts and the presumption of innocence is gone. The relevance of the presence of a jury accounts for the rule that standby counsel may participate even during trial and even without a defendant's express consent, so long as they do not "seriously undermin[e]" the "appearance before the jury" that the defendant is representing himself. *McKaskle v. Wiggins*, 465 U.S. 168, 187 (1984). The dignity and autonomy interests advanced by lay representation are also greater when addressing one's lay peers (the jurors) rather than a legal professional.

2

Sixth Amendment right to counsel on which *Faretta* relied does not apply to appeals, *Martinez*, 528 U.S. at 159–60, a constitutional right to counsel does not apply in post-conviction collateral attacks, *Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Murray v. Giarrantano*, 492 U.S. 1, 10 (1989). Just as the Supreme Court was "not aware of any historical consensus establishing a right of self-representation on appeal," this Court is unaware of—and the parties have not pointed it towards—any historical consensus establishing an absolute right of self-representation on collateral attack. *Martinez*, 528 U.S. at 159. And just as the Supreme Court was "entirely unpersuaded that the risk of either disloyalty or suspicion of disloyalty is a sufficient concern to conclude that a constitutional right of self-representation is a necessary component of a fair appellate proceeding," this Court is of the same opinion about a collateral proceeding. *Id.* at 161.

Perhaps for these reasons, the Fifth Circuit suggested in a prior opinion in this case that "the ending point for the Sixth Amendment right of self-representation in criminal proceedings" is the conclusion of the guilt and penalty phases of a criminal trial and the commencement of appellate proceedings. *United States v. Davis*, 2001 WL 34712238, *2 (5th Cir. July 17, 2001). *Faretta* was at its core a decision about the dignity and autonomy due a presumptively innocent or presumptively non-death eligible person. No other rationale could support it. "No one, including . . . the *Faretta* majority, attempts to argue that as a rule pro se representation is wise, desirable, or efficient." *Id.* at 161.

## II.    28 U.S.C. § 1654

The government asserts that the defendant also has a statutory basis to proceed *pro se*, citing 28 U.S.C. § 1654, which provides: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts,

3

respectively, are permitted to manage and conduct causes therein." But the burden to raise this issue was on the defendant. *Brown v. United States*, 264 F.2d 363, 366 (D.C. Cir. 1959) (en banc) ("[W]here a defendant fails to *expressly* assert his statutory right to conduct his own defense he cannot later successfully contend that the right was denied him." (emphasis added)). The defendant here repeatedly characterized the right he was asserting as *Faretta*'s constitutional right. He therefore has waived whether and to what extent Section 1654 independently confers on him a right to self-representation. *See, e.g., South Dakota v. Dep't of Interior*, 665 F.3d 986, 991 (8th Cir. 2012) (raising constitutional argument but not similar statutory argument insufficient to preserve issue); *Hasan v. E. Wash. State. Univ.*, 485 Fed. Appx. 169, 170 (9th Cir. 2012) (failure to assert statutory claim along with constitutional claim waives it); *Lewis v. Jacks*, 486 F.3d 1025, 1030 (8th Cir. 2007); *Camp v. Gregory*, 67 F.3d 1286, 1299 (7th Cir. 1995).[3]

As the defendant has waived whatever non-constitutional right he may have had to proceed *pro se* under Section 1654, previously appointed standby counsel should have been appointed defendant"s capital habeas counsel under the provisions of 18 U.S.C. § 3599(a)(2). By this order, they are appointed defendant's counsel *nunc pro tunc* as of the time of the *Faretta* hearing.

III.    The Court's Discretion To Allow *Pro Se* Proceedings

Although, as already discussed, the defendant has no absolute right to proceed *pro se*

---

[3] Even if the defendant had not waived the issue, *Martinez* noted that while it is "arguable that [Section 1654] encompasses appeals as well as trials . . . . the statutory right is expressly limited by the phrase 'as by the rules of the said courts.'" 528 U.S. at 158. The Court would therefore need to decide the "arguable" question whether Section 1654 even applies to collateral proceedings—or indeed to any proceedings where there is a right to counsel (statutory or constitutional), as such a situation could not have been contemplated by its drafters. The Court need not delve into that morass, as *Martinez*'s discussion of Section 1654 makes it unnecessary.

4

here, the Court understands his desire to do so and therefore exercises its discretion under

*Martinez*, 528 U.S. at 163, to allow the defendant to proceed *pro se* on the issues he designated

for himself in Rec. Doc. 2273, while his counsel will proceed with the balance of the issues in

the Section 2255 motion.  Counsel are not to interfere with the defendant's litigation of the

issues he has identified as ones on which he wishes to proceed *pro se*.

In order to provide the defendant with additional autonomy, the Court will also allow him

to submit up to twenty pages of supplemental briefing each time his counsel submits a filing.

*See United States v. Gillis*, 773 F.2d 549, 560 (4th Cir. 1985).  While the Court is under no

obligation to allow "hybrid representation[] whereby [the prisoner] and his attorney act as co-

counsel," *United States v. Long*, 597 F.3d 720, 724 (5th Cir. 2010), the Court has decided that

hybrid representation in this case best balances the defendant's autonomy interests and the needs

of the justice system.

Accordingly,

IT IS ORDERED that the motion filed by standby counsel to vacate the grant of *Faretta*

relief is GRANTED, Rec. Doc. 2266, to the limited extent set forth above, and the defendant's

motion in opposition to that extent is DENIED, Rec. Doc. 2319.

IT IS FURTHER ORDERED that previously appointed standby counsel are appointed

counsel under 18 U.S.C. § 3599(a)(2) now as for then at the time of the *Faretta* hearing.

IT IS FURTHER ORDERED that the prisoner may proceed *pro se* on the claims he listed

in Rec. Doc. 2273.

IT IS FURTHER ORDERED that counsel will proceed on the remaining claims in their

Section 2255 petition, with the defendant allowed to file a supplemental brief of up to twenty

5

pages along with any future filings they may make.

IT IS FURTHER ORDERED that the government's motion to strike the motion filed by standby counsel and for sanctions is DENIED AS MOOT. Rec. Doc. 2277. The motion was timely filed by the counsel who should have been representing the defendant at the relevant time and who by this order are appointed his counsel now as for then at the time of the *Faretta* hearing, the orders from which and before are VACATED. Rec. Docs. 2197, 2231.

IT IS FURTHER ORDERED that the government file a response no later than June 28, 2013, to the motions to conduct discovery. Rec. Docs. 2267, 2268.

IT IS FURTHER ORDERED that the government file a response to the Section 2255 motion no later than August 30, 2013. Rec. Doc. 2265. Given the complexity of this matter, the Court will entertain motions to extend that deadline, if appropriate.

IT IS FURTHER ORDERED that the reply briefs of the defendant (as to the Rec. Doc. 2273 issues) and of counsel (to the remainder), along with any supplement to counsel's reply that the defendant may wish to submit, shall be filed by October 31, 2013, or within sixty days of the last government response, whichever is later. Given the complexity of this matter, the Court will entertain motions to extend that deadline, if appropriate.

New Orleans, Louisiana, this 9th day of April, 2013

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NO. 94-381

LEN DAVIS                                   SECTION "C"

### ORDERS AND REASONS

Despite his insistence that he is capable of representing himself, the defendant

has caused unnecessary confusion, serious procedural issues and significant delay in

the mere filing of the defendant's motion under 28 U.S.C. § 2255. The Court is

concerned that the defendant's present confinement at Terre Haute may be contributing

to the problem. The parties are advised that the Court is considering moving the

defendant to this district during the pendency of this motion, which will also facilitate

any continued monitoring of the defendant's competency by the Court, if needed.

Although currently the defendant is being allowed to represent himself as to

issues adopted by him, the Court is concerned with the tone of some of the defendant's

more recent pro se filings. Rec. Docs. 2311, 2319. The defendant is reminded that, at

this juncture, the decision regarding all aspects of this § 2255 motion lies with the Court,

not the defendant, and that there will be no disposition of _any_ claim or issue without an

1

order from this Court. The Court is well aware of its serious responsibilities in this capital case, along with the fact that the decision whether to appeal any adverse judgment is personal to any criminal defendant.

IT IS ORDERED that the motion for leave to conduct discovery filed by the Len Davis is DENIED. Rec. Doc. 2267. However, the Court will order that counsel promptly confer with each other to ensure that previously-provided discovery is available to current counsel.

IT IS FURTHER ORDERED that the motion to interview jurors filed by Len Davis is GRANTED. Rec. Doc. 2268. The Court stated at the end of the 1996 trial that consenting jurors could talk to the attorneys in the case in a limited manner. Rec. Doc. 700 at 49-50. The Court will also allow counsel for the defendant to contact the 2005 jurors to determine if they will consent to be interviewed. Any interview or contact must comply with the restrictions imposed by LR 47.5, including non-disclosure of the vote of any other juror, the jury deliberations or evidence of improprieties in the jury's deliberations, "except as to whether (a) extraneous prejudicial information was improperly brought to the juror's attention; (b) any outside influence was improperly brought to bear upon any juror; or (c) there was a clerical mistake in entering the verdict on the verdict form." The Court will not assist counsel in locating jurors, and nothing in this ruling should be construed as an implicit extension of any deadline.

2

IT IS FURTHER ORDERED that the motion for leave to file amendment to § 2255 motion filed by Len Davis is GRANTED.  Rec. Doc. 2329, 2340.  In granting the motion, the Court notes that the supplemental claim presents a potential structural error and, in any event, granting the motion is the only mechanism to preserve appellate review of the issues presented.

IT IS FURTHER ORDERED that the motion to strike sentencing claims filed by Len Davis and the motion for partial reconsideration filed by the government are DENIED.  Rec. Docs. 2323, 2326.  In the interest of justice, the Court will consider all issues presented in the motion under 28 U.S.C. § 2255 by the defense, as supplemented and amended.  Rec. Docs. 2324, 2340, 2323, 2265.  To preserve all issues for appeal, the government shall file two separate oppositions. The government shall file its opposition to all issues identified as "adopted" by the defendant in Rec. Doc. 2273 no later than August 15, 2014, and its opposition to all remaining claims shall be filed no later than October 15, 2014.

New Orleans, Louisiana, this 12th day of May, 2014.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

3